ATTORNEY FOR APPELLANT
James A. Edgar
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Robert J. Henke
Patrick M. Rhodes
Indiana Department of Child Services
Indianapolis, Indiana

# In the
# Indiana Supreme Court

FILED
Mar 13 2012, 2:48 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S05-1203-JC-165

IN THE MATTER OF:  T.N.

G.N. (FATHER),

*Appellant (Respondent below),*

v.

THE INDIANA DEPARTMENT OF CHILD
SERVICES,

*Appellee (Petitioner below),*

AND

CHILD ADVOCATES, INC.,

*Co-Appellee (Guardian Ad Litem).*

Appeal from the Marion Superior Court, No. 49D09-1008-JC-035913
The Honorable Gary Chavers, Judge Pro Tem
The Honorable Beth Jansen, Magistrate

On Petition to Transfer from the Indiana Court of Appeals, No. 49A05-1101-JC-15

**March 13, 2012**

**David, Justice.**

In this case, a party to a CHINS matter requested a fact-finding hearing and was instead given a contested dispositional hearing. This Court has also decided a companion case today, In re K.D., which will be discussed below. Our opinion seeks to clarify the procedural due process safeguards required in CHINS adjudications. We hold that a parent who requests a contested fact-finding hearing has a due process right to that hearing.

### Facts and Procedural History

On August 16, 2010, DCS filed a Petition alleging T.N. was a child in need of services. The petition alleged behaviors on the part of both mother and father that would make T.N. a CHINS. DCS alleged that mother allowed T.N.'s boyfriend to sleep at the home when T.N. was thirteen years old, which resulted in T.N. getting pregnant and ultimately giving birth at fourteen. DCS also alleged that father had untreated substance abuse and mental health issues and did not take medications to address his diagnosed mental health needs. DCS in general alleged that neither parent has demonstrated an ability to appropriately care for T.N. and provide her with appropriate supervision.

In November 2009, mother kicked T.N. out of the house due to T.N. arguing with mother's boyfriend. Since that time, T.N. has bounced back and forth between mother and father's house. At the initial hearing in the CHINS matter, T.N. was residing in-home with father. Shortly after the initial hearing, DCS requested T.N. be removed from father's care due to concerns that T.N. was not enrolled in school. Father objected to removal; mother agreed with removal; and the child requested placement in foster care.

In November 2010, a fact-finding hearing was held. At that time, mother notified the trial court that she was prepared to make an admission to the CHINS allegations. Father's counsel objected, stating,

> Judge, I object to, to CHINS status being granted on any admission that mother would make. The parties share joint, physical and legal custody when the CHINS matter originated. My client, therefore, needs to be able to participate in trial.

The trial court told father he could offer his objections to any services at a contested dispositional hearing:

I need to figure out if, if, if mother's admission and acknowledgement of certain things will, will provide the child with a certain status, that being a child in need of services. If so, then father can, can dispute any services that DC would want to offer him and so the, his, his trial would essentially come in the form of a contested dispositional hearing. So I understand your objection.

The trial court then found T.N. to be a child in need of services and proceeded to a contested dispositional hearing.

Father appealed the CHINS adjudication, and the Court of Appeals found the trial court violated father's due process rights and reversed the decision. DCS seeks transfer, which is granted by order concurrent with this opinion.

**Due Process**

The sole issue is whether father's due process rights were violated when he did not have the opportunity to contest the CHINS adjudication. For the reasons explained in In re K.D., No. 49S02-1107-JC-416, _____ N.E.2d _____ (Ind. March, 13, 2012), also decided today, we hold that the trial court erred in not conducting a contested fact-finding hearing that was requested by father and, thus, violated his due process rights.

As we held in In re K.D., when one parent wishes to admit and one parent wishes to deny the child is in need of services, due process requires the trial court to conduct a fact-finding hearing. In the present case, mother admitted T.N. was in need of services, and father wished to contest that fact. The trial court found T.N. to be a child in need of services based off of mother's admission and held a contested dispositional hearing for father to dispute any services he would be asked to complete. As this Court noted in In re N.E., every CHINS proceeding "has the potential to interfere with the rights of parents in the upbringing of their children." 919 N.E.2d 102, 108 (Ind. 2010). As we wrote today in In re K.D., the failure to provide a fact-finding hearing for father deprived him of due process at the CHINS adjudication stage, and he was thus "sent through one barrier between him and DCS having the statutory authority to file a termination of parental rights petition" without the opportunity to even challenge the evidence. Slip op. at 12.

Furthermore, after our analysis of Indiana Code sections 31-34-10-8 and 31-34-11-1, we hold that the proper harmonization of these statutes is to provide due process to the parent who

3

does not wish to admit the child is in need of services. In such situations, "the trial court shall conduct a fact-finding hearing as to the entire matter." Slip op. at 13.

## Conclusion

Whenever a trial court is confronted with one parent wishing to admit and one parent wishing to deny the child is in need of services, the trial court shall conduct a fact-finding hearing, assuring due process to all parties. It is ultimately in the child's best interest that the parents are given due process at all stages of the proceeding. In this instance, the contested dispositional hearing did not replace the due process rights father lost when he was not allowed a contested fact-finding hearing. We remand this case to the trial court for a fact-finding hearing as to father.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.

4