OPINION
MATHIAS, Judge.
L.C. was adjudicated a Child In Need of Services (“CHINS”) by the Marion Superi- or Court. L.C.’s father, S.C. (“Father”), appeals. Father presents two issues in his appeal, but we address a single dispositive issue, namely, whether Father’s due process rights were violated when the juvenile court adjudicated L.C. a CHINS before the conclusion of the fact-finding hearing.
We reverse the judgment of the juvenile court and remand for a new fact-finding hearing.
Facts and Procedural History
Father and Mother were in a dating relationship for nearly seventeen years and, during this time, had one child together, L.C. After Father and Mother’s relationship ended, Father established paternity of L.C. and obtained full custody of the child. In May 2013, L.C. went to live with Mother because of L.C.’s reported “personal issues.” Tr. p. 32.
On February 11, 2014, following a report of domestic violence between Mother and Mother’s boyfriend, B.P., that occurred in front of L.C., the juvenile court authorized and DCS filed a petition alleging that L.C. was a CHINS. Specifically, the petition alleged that Mother had been hospitalized after a physical altercation with B.P., Mother suffered a seizure after the incident and admitted that she was under the influence of alcohol during the incident, L.C. witnessed B.P. punch Mother, and Father is “unable to ensure the child’s safety and well being while in the care and custody of [Mother].” Appellant’s App. p. 22.
L.C. was removed the same day and placed in therapeutic foster care. On February 25, 2014, Father appeared at the initial hearing where he denied the allegations set forth in the CHINS petition. Following the hearing, the court determined that L.C. should remain in therapeutic foster care.
On April 8, 2014, Mother admitted the allegations in the CHINS petition. The juvenile court conducted a fact-finding hearing on April 8 and April 14, 2014. On April 8, at the beginning of the fact-finding hearing and before hearing any evidence, the juvenile court stated, “I will accept the admitted language, adjudicate [L.C.] to be a child in need of services.” Tr. p. 2. After testimony was presented on April 8, but before the héaring resumed on April 14, *39 the juvenile court issued an order in which it found that:
a.. [I]t is in the best interest of [L.C.] to be removed from the home environment; and
b. remaining in the home would be contrary to the health and welfare of [L.C.].
[[Image here]]
[L.C.] are children [sic] in need of services.
Appellant’s App. p. 61. The juvenile court heard additional evidence during the second day of the fact-finding hearing, April 14, 2014.
On April 22, 2014, the juvenile court held a dispositional hearing at which it “continue[d] its adjudication as to [L.C.].” Tr. p. 99. Following the dispositional hearing, the juvenile court issued in order which provided, in relevant part:
2. [Father] allowed [L.C.] to return to the care of her mother ... despite having knowledge that [Mother] has an issue regarding her consumption of alcohol without taking steps to assess whether this situation had been rectified.
3. While [Father] was not involved in the events which led to the filing of [this] action, his failure to ensure that [L.C.] was properly supervised placed her in an endangering environment.
4. The coercive intervention of this Court is necessary to ensure that [L.C.] is placed in a safe environment until [Father] is provided services to learn to ensure [L.C.’s] safety.
Appellant’s App. pp. 75-76.
The juvenile court granted DCS wardship of L.C., ordered Father to participate in reunification services, and placed L.C. in a temporary in-home trial visit with Father to begin by the end of that day.
Father now appeals.
Standard of Review
Indiana Code Section 31-34-1-1 provides that:
[A] child is a child in need of services if, before the child becomes eighteen years of age:
(1) the child’s physical or mental condition is seriously impaired or seriously endangered as a result of the inability, refusal, or neglect of the child’s parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, medical care, education, or supervision; and
(2) the child needs care, treatment, or rehabilitation that:
(A) the child is not receiving; and
(B) is unlikely to be provided or accepted without the coercive intervention of the court.
“[T]he purpose of a CHINS adjudication is to protect children, not punish parents.” N.L. v. Ind. Dep’t of Child Servs {In re N.E.), 919 N.E.2d 102, 106 (Ind.2010). Our supreme court has noted that “a separate analysis as to each parent is not required” in making a CHINS determination because a CHINS adjudication reflects the status of a child without establishing the culpability of a particular parent. In re N.E., 919 N.E.2d 102, 106 (Ind.2010). Put differently, a CHINS adjudication is not a determination of parental fault but rather is simply a determination that a child is in need of services and is unlikely to receive those services without the court’s intervention. Id. at 105.
CHINS proceedings are civil actions, and therefore, “the State must prove by a preponderance of the evidence that a child is a CHINS as defined by the juvenile code.” Id. at 105. On review, we neither ■ reweigh the evidence nor judge the credibility of the witnesses. Id. We *40 consider only the evidence that supports the juvenile court’s decision and reasonable inferences drawn therefrom. Id. We reverse only upon a showing that the decision of the juvenile court was clearly erroneous. Id.
Father claims that the juvenile court violated his due process rights by depriving him of “a meaningful CHINS hearing.” Appellant’s Br. at 4. “Due process protections bar ‘state action that deprives a person of life, liberty, or property without a fair proceeding.’ ” In re G.P., 4 N.E.3d 1158 (Ind.2014). “[D]ue process protections at all stages of CHINS proceedings are ‘vital’ because ‘[e]very CHINS proceeding “has the potential to interfere with the rights of parents in the upbringing of their children.” ’ ” Id. (quoting In re K.D. & K.S., S.S. v. Ind. Dep’t of Child Servs., 962 N.E.2d 1249, 1257 (Ind.2012)). For this reason, a CHINS adjudication is subject to balancing the following three factors:
(1) the private interests affected by the proceeding; (2) the risk of error created by the State’s chosen procedure; and (3) the countervailing governmental interest supporting use of the challenged procedure.
Id. at 1165-66. Ultimately, the resulting balance of those factors must provide “the opportunity to be heard at a meaningful time and in a meaningful manner.” Id. at 1166.
Where, as here, “one parent wishes to admit and one parent wishes to deny the child is in need of services, due process requires the juvenile court to conduct a fact-finding hearing.” In re T.N., 963 N.E.2d 467, 469 (Ind.2012). “[D]uring a CHINS proceeding, a parent is entitled to (1) cross-examine witnesses, (2) obtain witnesses or tangible evidence by compulsory process, and (3) introduce evidence on his behalf.” In re V.C., 967 N.E.2d 50, 52-53 (Ind.Ct.App.2012).
In this case, the procedure employed by the juvenile court with respect to Father’s fact-finding hearing has been expressly rejected by the Indiana Supreme Court. In particular, our supreme court has discussed Indiana’s statutes regarding CHINS proceedings as follows:
Apparent conflict arises from Indiana code section 31-34-10-8, which states, “If the parent, guardian, or custodian admits [the allegations in the CHINS petition], the juvenile court shall do the following: (1) Enter judgment accordingly. (2) Schedule a dispositional hearing.” It thus appears from a reading of the section that if a parent admits his or her child is a CHINS, judgment is entered. That would be in conflict with Indiana code section 31-34-11-1, which states the juvenile court shall hold a fact-finding hearing if the allegations of the petition .have not been admitted. We discuss what to do when these statutes collide: when one parent wishes to admit and one parent wishes to deny the child is in need of services. “Where two statutes are in apparent conflict they should be construed, if it can be reasonably done, in a manner so as to bring them into harmony.” Patrick v. Miresso, 848 N.E.2d 1083, 1086 (Ind.2006). In this case, Mother admitted to not completing services and to allowing Stepfather, an untreated sexual offender, to live in the home with her children. Stepfather, however, denied that the children were CHINS and requested a fact-finding hearing, which DCS stated it believed was required....
In re N.E. [, 919 N.E.2d 102 (Ind.2010),] correctly stated, “[b]ecause a CHINS determination regards the status of the child, a separate analysis as to each parent is not required in the CHINS *41 determination stage.” 919 N.E.2d at 106. While a separate analysis as to each parent is not always required, it is sometimes necessary. We agree with the Court of Appeals majority that In re N.E. simply clarified “that a CHINS adjudication is not rendered ‘as to Father’ or ‘as to Mother, ’ etc.” In re K.D. v. DCS, 942 N.E.2d 894, 900 (Ind.Ct.App.2011). In the present case, a separate analysis was necessary because allegations were made regarding each parent, and each parent could challenge that the coercive intervention of the court was necessary. The trial court’s position was that a contested dispositional hearing was sufficient for Stepfather. Unfortunately, a contested dispositional hearing did not provide him the opportunity to contest the underlying CHINS adjudication.
Situations can exist where an admission by a parent would be incapable of providing a factual basis for the CHINS adjudication. For example, if parents are divorced or separated, one parent could not admit the child is a CHINS based on allegations of what occurred in the other parent’s home, unless that parent had first-hand knowledge of what transpired. Such an attempted admission by the parent would likely fall short of being able to establish a factual basis for the event that transpired. Furthermore, allowing this type of admission could lead to vindictive admissions, designed to attack the other parent in cases of parents who are divorced or are going through contentious separations. Speculation is not enough for a CHINS finding. D.H. v. Marion County Office of Family & Children, 859 N.E.2d 737, 744 (Ind.Ct.App.2007). In such scenarios, a contested fact-finding hearing would be necessary to adjudicate the child a CHINS. In re N.E. does not stand for the proposition that anytime a parent makes an admission that the child is a CHINS, such adjudication automatically follows. Each circumstance when a parent admits the allegations set forth in the DCS petition is case specific. Each parent has the choice to admit the child is in need of services.
For example, a scenario could exist where a child is bom positive for cocaine and the mother wants to admit the child is a CHINS, but the father, who has no problems of his own and does not live with the mother, wants to contest that his newborn child is a CHINS. While he might not contest the factual allegation the mother is admitting, he has the right to contest the allegation that his child needs the coercive intervention of the court. This particular element of the CHINS statutes, that the coercive intervention of the court is necessary to provide the child with certain services, is often contested in scenarios such as this. One parent may not believe the child needs care, treatment, or rehabilitation that they [sic] are not receiving and are unlikely to be provided or accepted without the coercive intervention of the court. In such a scenario, one parent should not be forced to forgo his or her due process based upon the other parent’s admission. We contrast this with In re N.E., where the mother made an admission and the father still had a contested fact-finding hearing. Of course, we acknowledge that in many situations where DCS is involved, it is common for the children to have absent or even unknown parents. In those situations, it is critical that DCS properly serve all parties, by publication if necessary, and if the absent parent is not present, a default judgment could be entered. In such circumstances, it would not be necessary *42 to give that absent parent a second bite at the apple of the fact-finding hearing.
S.S. v. Ind. Dep’t of Child Servs. (In re K.D.), 962 N.E.2d 1249, 1255-57 (Ind.2012) (emphases added; some alterations original).
While S.S. is helpful in its explanation of the inherent conflicts caused by the CHINS statute, our supreme court’s analysis in In re K.D. controls the facts and circumstances here. In K.D., DCS filed a CHINS petition in which it alleged that neither parent, though they lived apart, •could provide the child with the care she needed while she was in Mother’s custody. Mother admitted to the allegation, but Father contested it and asserted that, because he did not live with Mother, the child could stay with him and the coercive intervention of the court would not be necessary. Nonetheless, following Mother’s admission the juvenile court adjudicated the child a CHINS as to Mother and then took the matter under advisement as to Father, only to allow Father to present argument and evidence at a later fact-finding hearing.
This procedure was explicitly rejected by our supreme court in In re K.D. Following Mother’s admission, the juvenile court was required to reserve its judgment on the petition until the completion of Father’s fact-finding hearing. The court’s failure to do so rendered the apparent fact-finding hearing for Father meaningless because nothing Father said or did at his fact-finding hearing could have affected the court’s adjudication “as to Mother.” However, “a CHINS adjudication is not rendered ‘as to Father’ or ‘as to Mother,’ ” but rather, as to the child. Id.
On appeal, DCS attempts to distinguish In re K.D. by noting that our supreme court added that allowing “a second bite at the apple” may be appropriate in some circumstances. However, DCS misunderstands In re K.D., and more significantly, DCS plainly ignores our supreme court’s express rejection of the procedure employed by the juvenile court here. Thus, DCS’s attempt to distinguish In re K.D. is not persuasive. Because Father challenged the allegations in the CHINS petition, due process requires the completion of a fact-finding hearing, including the presentation of evidence and argument by both parents, if present in person or by counsel, before L.C. is adjudicated a CHINS.
Conclusion
For all of these reasons, we conclude that the juvenile court erred by adjudicating L.C. a CHINS before the completion of the fact-finding hearing. We therefore reverse the juvenile court’s adjudication and remand this cause for a new fact-finding hearing.
Reversed and remanded with instructions.
NAJAM, J., concurs.
BRADFORD, J., dissents with opinion.