## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 07 2016, 8:23 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Steven J. Halbert
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
James D. Boyer
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of:

N.A. (*Minor Child*)

    A Child in Need of Services

    and

B.L. (*Mother*)

*Appellant-Respondent,*

      v.

The Indiana Department of Child Services

*Appellee-Petitioner.*

March 7, 2016

Court of Appeals Case No.
49A05-1506-JC-667

Appeal from the Marion Superior Court

The Honorable Marilyn A. Moores, Judge

The Honorable Danielle P. Gaughan, Magistrate

Trial Court Cause No.
49D09-1503-JC-968

**Robb, Judge.**

# Case Summary and Issue

N.A. is the child of R.A ("Father") and B.L. ("Mother"). In March 2015, the Indiana Department of Child Services ("DCS") filed a petition alleging N.A. was a child in need of services ("CHINS"). Following a fact-finding hearing as to Mother but before a fact-finding hearing was held as to Father, the juvenile court adjudicated N.A. a CHINS. Mother appeals, raising the sole issue of whether her due process rights were violated when the juvenile court adjudicated N.A. a CHINS before conducting a fact-finding hearing as to both parents. Concluding the juvenile court did not deprive Mother of due process, we affirm.

# Facts and Procedural History

In early 2014, DCS initiated an investigation into the well-being of Mother's other children, B.C. and G.A., after receiving a report that Father abused Mother;[1] Mother had not yet given birth to N.A. Father and Mother lived together, but they were not married. Following the investigation, DCS filed a petition alleging each child was a CHINS. Mother subsequently admitted the allegations set forth in the petition, and the juvenile court adjudicated each

---

[1] The record indicates Mother and Father had a prior substantiation in 2013 for domestic violence.

child a CHINS. Because of the history of domestic violence, DCS instituted a safety plan.

[3] In December 2014, Mother gave birth to N.A. In March 2015, another incident of domestic violence occurred between Mother and Father. On March 23, DCS filed a petition alleging N.A. was a CHINS. Specifically, DCS alleged Mother violated the safety plan. On the same day, the juvenile court held a joint detention and initial hearing and removed N.A. from Mother's custody. Mother attended the hearing, but Father did not attend.

[4] On April 24, 2015, the juvenile court scheduled Mother's fact-finding hearing for May 18, 2015. The juvenile court did not schedule a fact-finding hearing as to Father because Father did not appear at any of the pre-trial hearings. On May 18, Mother and Father attended Mother's fact-finding hearing. Because this was Father's first appearance, the juvenile court conducted an initial hearing as to Father and scheduled a pre-trial hearing for June 5, 2015. During Mother's portion of the hearing, DCS presented evidence that Mother had violated the safety plan. Mother testified she called the police after getting into an altercation with Father but denied violating the safety plan. At the conclusion of Mother's fact-finding hearing, the juvenile court adjudicated N.A.

a CHINS. Mother now appeals the juvenile court's order adjudicating N.A. a CHINS.[2]

# Discussion and Decision

[5] Mother contends the juvenile court violated her due process rights in adjudicating N.A. a CHINS before Father's fact-finding hearing. "Due process protections bar state action that deprives a person of life, liberty, or property without a fair proceeding." *In re L.C.*, 23 N.E.3d 37, 40 (Ind. Ct. App. 2015) (internal quotation marks and citation omitted), *trans. denied*. It is well-established "a CHINS determination establishes the status of a child alone." *In re N.E.*, 919 N.E.2d 102, 106 (Ind. 2010). Therefore, "the conduct of one parent can be enough for a child to be adjudicated a CHINS." *Id.* Because the conduct of one parent can be enough for a child to be adjudicated a CHINS, due process generally does not require a separate analysis as to each parent before a juvenile court adjudicates a child a CHINS. *In re L.C.*, 23 N.E.3d at 39.

[6] Here, Mother had an opportunity to testify, present evidence on her own behalf, and cross-examine DCS' witnesses; Father, however, did not. In situations

---

[2] On appeal, Mother does not argue the evidence was insufficient to support the juvenile court's order adjudicating N.A. a CHINS.

such as this where the juvenile court adjudicates a child a CHINS following a fact-finding hearing as to the first parent, but before a fact-finding hearing as to the second parent, it is the second parent who, in some circumstances, may potentially have a due process claim, not the first parent. We interpret Mother's argument as an attempt to challenge Father's possible due process claim on his behalf, but Mother is not the proper person to invoke our power. *See Schloss v. City of Indianapolis*, 533 N.E.2d 1204, 1206 (Ind. 1990) ("The judicial doctrine of standing focuses on whether the complaining party is the proper person to invoke the court's power."). Therefore, the juvenile court did not deprive Mother of due process.

# Conclusion

[7] We conclude the juvenile court did not violate Mother's due process rights. Accordingly, we affirm.

[8] Affirmed.

Barnes, J., and Altice, J. concur.