# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 05 2020, 9:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Danielle Sheff
Sheff Law Office
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

David E. Corey
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of K.K., Minor Child in Need of Services; <br><br> A.K. (Father), <br><br> *Appellant-Respondent,* <br><br> v. <br><br> Indiana Department of Child Services, <br><br> *Appellee-Petitioner.* | March 5, 2020 <br><br> Court of Appeals Case No. 19A-JC-2233 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Danielle Gaughan, Judge Pro Tempore <br><br> The Honorable Gael S. Deppert, Magistrate <br><br> Trial Court Cause No. 49D09-1903-JC-826 |

**Najam, Judge.**

# Statement of the Case

A.K. ("Father") appeals the trial court's determination that his minor child K.K. ("Child"), is a child in need of services ("CHINS").[1] Father raises three issues for our review, which we consolidate and restate as two issues:

> 1. Whether the trial court denied Father his right to due process.
>
> 2. Whether the Indiana Department of Child Services ("DCS") presented sufficient evidence to support the CHINS determination.

We affirm.

# Facts and Procedural History

Child was born to Father and A.H. ("Mother") out-of-wedlock on December 26, 2017. On March 27, 2019, while Child was living with Mother and Child's half-sibling K.C., DCS filed a petition alleging that Child was a CHINS due to Mother's substance abuse and a history of domestic abuse between Father and Mother. During a fact-finding hearing on July 12 at which Father was present, Mother agreed that Child was a CHINS and that the coercive intervention of the court was necessary "because [Mother] needs assistance to provide a home free from substance abuse." Appellant's App. Vol. 2 at 86. And "Mother agreed to engage in intensive outpatient treatment through Famil[ies] First,

---

[1] Child's mother does not participate in this appeal.

random drug screens, trauma based therapeutic assessment, and follow all recommendations made by service providers." *Id.* Father requested court-appointed counsel, which the trial court granted. And the court scheduled a fact-finding hearing for Father for July 15. Nonetheless, the trial court found Child to be a CHINS on July 12 and proceeded to disposition with Mother.

[4] On July 15, during Father's fact-finding hearing, counsel for Father stated as follows:

> [Father] has decided he would waive fact-finding because he does not wish to remove the child from mother's care and believes that mother is in need of assistance, so he has no problem with a waiver of the fact-finding. We do however wish to establish paternity, and he is requesting [a] DNA[ test].

Tr. at 4. Given Father's waiver, the court proceeded to schedule a dispositional hearing for Father. The trial court stated that the hearing would be held "in 30 days," and the court reporter stated that the hearing would be held at 8:30 a.m. on August 16, which was thirty-two days later. *Id.* at 6. With no objection, the trial court adjourned the hearing.

[5] On August 16, immediately prior to the dispositional hearing, Father filed a motion to dismiss the CHINS proceeding for two alleged statutory violations. In particular, Father alleged that the court did not hold a dispositional hearing within thirty days of the CHINS determination, as required by Indiana Code Section 31-34-19-1. And he alleged that DCS did not provide him with a copy of its predispositional report within forty-eight hours of the hearing as required

by Indiana Code Section 31-34-18-6. The trial court took the motion under advisement and rescheduled the hearing for August 23. On that date, the court denied Father's motion, conducted the dispositional hearing, and entered its dispositional decree for Father. In the decree, per DCS' request, the court ordered no services for Father, and, per Father's request, the court ordered supervised parenting time with Child, who was already in temporary placement with Mother. This appeal ensued.

## Discussion and Decision

### *Issue One: Due Process*

Father first alleges two due process violations. "Due process protections bar 'state action that deprives a person of life, liberty, or property without a fair proceeding.'" *J.A. v. Ind. Dep't of Child Servs. (In re G.P.)*, 4 N.E.3d 1158, 1165 (Ind. 2014) (quoting *Z.G. v. Marion Cty. Dep't of Child Servs. (In re C.G.)*, 954 N.E.2d 910, 916 (Ind. 2011)). "[D]ue process protections at all stages of CHINS proceedings are 'vital' because '[e]very CHINS proceeding has the potential to interfere with the rights of parents in the upbringing of their children.'" *Id.* (quoting *N.L. v. Ind. Dep't of Child Servs. (In re N.E.)*, 919 N.E.2d 102, 108 (Ind. 2010)). Due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, (1976).

Father contends that the trial court violated his right to due process when it determined that Child was a CHINS prior to Father's fact-finding hearing.

Father also contends that the court violated his right to due process when it conducted Father's dispositional hearing more than thirty days after the CHINS determination. We address each contention in turn.

## Fact-finding Hearing

Father first asserts that the trial court violated his right to due process when it adjudicated Child a CHINS prior to his fact-finding hearing. Father maintains that the trial court "worked a hardship upon [Father] and deprived him of due process" with its "premature determination" that Child was a CHINS on July 12, which was three days prior to Father's fact-finding hearing. Appellant's Br. at 31. Again, on July 12, the trial court held a fact-finding hearing on the CHINS petition, and both Father and Mother appeared. Father, who had previously intended to hire private counsel, advised the court that he was requesting a court-appointed attorney, and the court granted that request. Accordingly, the court scheduled a fact-finding hearing for Father for July 15. In the meantime, the court held the fact-finding hearing with Mother, who submitted to the trial court an agreed entry that Child was a CHINS, and the court entered a dispositional order for Mother.

Accordingly, in its July 12 order the court stated as follows:

> Court accepts mother's admission, . . . circumstances require adjudication under mother's agreed entry prior to any adjudication pursuant to [Father] based upon a review of the Preliminary Inquiry and DCS' petition alleging [Father] and a history he may have of domestic violence with mother, [Father]

> having previously made a knowing and voluntary waiver of his
> right to counsel . . . at the Initial Hearing in this cause, and
> continued to assert that right until mediation on or about
> 6/18/19 and was prepared to inform the Court prior to today's
> fact-finding but did not, and that the 120th day statutory time
> requirement [to hold a fact-finding hearing] is 7/25/19, and
> Court adjudicates [Child] is a minor child in need of services.

Appellant's App. Vol. 2 at 86.

[10] Father is correct that the trial court was "required to reserve its judgment on the [CHINS] petition until the completion of Father's fact-finding hearing," which it did not do. *See S.C. v. Ind. Dep't of Child Servs. (In re L.C.)*, 23 N.E.3d 37, 42 (Ind. Ct. App. 2015), *trans. denied*. However, when the trial court informed Father it would proceed with Mother's fact-finding hearing on July 12 and hold a fact-finding hearing for Father three days later, Father did not object. Accordingly, he did not preserve his due process claim for appellate review. Moreover, on July 15, Father affirmatively waived his right to a fact-finding hearing—insofar as Father might have been entitled to relief on appeal, it would be to have a fact-finding hearing that he has already deemed unnecessary. Father has not shown reversible error.

## Dispositional Hearing

[11] Father next contends that, because the trial court scheduled his dispositional hearing more than thirty days after the CHINS determination, the court should have granted his motion to dismiss on that ground. Indiana Code Section 31-34-19-1 (2019) provides:

(a) The juvenile court shall complete a dispositional hearing not more than thirty (30) days after the date the court finds that a child is a child in need of services to consider the following:

(1) Alternatives for the care, treatment, rehabilitation, or placement of the child.

(2) The necessity, nature, and extent of the participation by a parent, a guardian, or a custodian in the program of care, treatment, or rehabilitation for the child.

(3) The financial responsibility of the parent or guardian of the estate for services provided for the parent or guardian or the child.

(4) The recommendations and report of a dual status assessment team if the child is a dual status child.

(b) *If the dispositional hearing is not completed in the time set forth in subsection (a), upon a filing of a motion with the court, the court shall dismiss the case without prejudice.*

(Emphasis added).

[12] Here, the trial court determined that Child was a CHINS on July 12 and held a dispositional hearing for Mother the same day. Thereafter, Father waived fact-finding, and the trial court scheduled a dispositional hearing for Father on August 16. Immediately prior to the August 16 hearing, Father moved to dismiss the CHINS proceeding for the court's failure to hold his dispositional hearing within thirty days of the CHINS determination, as required by the statute.

[13] However, again, Father cannot show any prejudice as a result of this alleged due process violation. The purpose of a dispositional hearing is for the court "to determine [the] next steps in the child's placement, care, treatment, or rehabilitation and the nature and extent of the parent's . . . role in fulfilling those steps." *Gr.J. v. Ind. Dep't of Child Servs. (In re D.J.)*, 68 N.E.3d 574, 578 (Ind. 2017) (citing I.C. § 31-34-19-1). Here, during Father's dispositional hearing, DCS did not request that Father participate in any services, and the trial court granted Father's request for continued supervised visitation with Child, who remained in Mother's custody. In contrast, during Mother's dispositional hearing, the court determined, and Father agreed, that Mother needed services, and the court timely ordered those services for Mother the same day that it found Child to be a CHINS. Because there were no "next steps" to be determined thereafter, the delay in Father's hearing simply had no impact on Father or Child, and the alleged error was harmless. App. R. 66.

[14] In sum, Father has not shown that he was denied an opportunity to be heard at a meaningful time and in a meaningful manner. He waived fact-finding, he was not ordered to participate in any services, and the court granted his request for supervised visitation with Child. Again, Father has not shown reversible error.

### Issue Two: Sufficiency of the Evidence

[15] Father's contention on this final issue is difficult to discern. Again, Mother admitted that Child was a CHINS and Father waived fact-finding, so to the extent his argument on appeal is that the evidence is insufficient to support the CHINS determination, it is not well taken. To the extent Father suggests that,

had the trial court reserved judgment until after both Mother's and Father's fact-finding hearings, the outcome might have been different, he does not present cogent argument in support of such an assertion. We hold that Father has waived any challenge to the sufficiency of the evidence to support the CHINS determination.

[16] Affirmed.

Vaidik, J., and Tavitas, J., concur.